UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAMESHKUMAR P. PATEL, ) | |
| a/k/a Suresh P. Patel, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:05CV2261 RWS |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| of Homeland Security, et al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Rameshkumar Patel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, for Mandamus, and for Declaratory and Injunctive Relief [#1]. The petition shall be denied.

## I. BACKGROUND

Rameshkumar Patel, a/k/a Suresh P. Patel,[1] is a native and citizen of India. It is undisputed that Patel entered the United States illegally[2] on or about November 12, 1995, by crossing the Rio Grande River near Brownsville, Texas. A warrant for Patel's arrest, issued under the name Suresh P. Patel and alien number A74 585

---

[1] Patel has registered two alien numbers with the Government. Under alien number A78 427 401, Patel is known as Rameshkumar Patel. Under alien number A74 585 664, Patel is known as Suresh P. Patel.

[2] The entry was illegal because Patel was not inspected by an immigration officer.

664, was issued on November 14, 1995. On November 14, 1995, Patel was apprehended by United States Border Patrol Agents. Patel was detained until his release on a $2,000 cash bond on December 26, 1995.

On November 14, 1995, Patel was served with an Order to Show Cause and Notice of Hearing ("OSC") by the Immigration and Naturalization Service ("INS"). The OSC notified Patel that he was subject to deportation pursuant to § 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, because he entered the United States without inspection, and the OSC ordered Patel to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice and show cause why he should not be deported from the United States. On January 8, 1996, Patel failed to appear for his deportation hearing and was ordered deported in absentia.

On June 27, 2000, Patel submitted a Form I-485 application for adjustment of status under the name Rameshkumar Patel and alien number A78 427 401. The application was based on an approved Form I-130 petition filed by Patel's father, Prahladbhai Patel, a naturalized United States citizen. Patel did not disclose the 1995 arrest on the I-485 application.

On July 23, 2001, the INS office in New York interviewed Patel on the merits of the application and the application for adjustment of status. During the interview,

Patel admitted to the 1995 arrest, but he did not admit that he had ever been in deportation proceedings.

New York INS requested that Patel submit a waiver application for fraud and misrepresentation for not disclosing the 1995 arrest on the I-485 application. On March 26, 2003, counsel for Patel filed a waiver letter claiming that Patel:

> indicates that when he completed the entry on Form I-485 relating to his having been "arrested," he believed that an arrest had to be made by the Police and did not consider his having been detained by the I.N.S. as an "arrest," rather as an immigration violation. He indicates that all paperwork relating to his encounter with the Immigration Service was lost.
>
> It is, therefore, respectfully submitted that Mr. Patel did not *willfully* misrepresent his having been detained by the Service and is therfore not Excludable, as the law requires a willful[] and material misrepresentation for excludability.

The waiver letter did not mention that Patel had been in deportation proceedings or that an Immigration Judge had ordered him deported on January 8, 1996.

New York INS submitted Patel's fingerprints to the FBI for a background check. The FBI reported to INS that a Suresh P. Patel, bearing the alien number A74 585 604,[3] was arrested on November 14, 1995, for illegal entry. New York INS requested the file for A74 585 604 from the Executive Office for Immigration

---

[3] The alien number corresponding to Suresh P. Patel is A74 585 664, not A74 585 604.

Review ("EOIR"). EOIR informed New York INS that it found no information in its system under the number A74 585 604.

On March 26, 2003, the waiver and Patel's application for adjustment of status were approved and Patel was granted lawful permanent residence in the United States pursuant to 8 U.S.C. § 1255.

On March 20, 2005, Patel was apprehended by the City of St. Charles Police Department ("St. Charles") on a traffic stop. St. Charles conducted a background check of Patel, which revealed his detention by INS in 1995 and his in absentia deportation order.

On March 23, 2005, United States Immigration and Customs Enforcement ("ICE") prepared a Form I-213 Record of Deportable/Inadmissible Alien to clarify the record with regard to Patel's two separate A-files. The ICE detained Patel based on the outstanding warrant of deportation entered in the A-file corresponding to his alias, Suresh P. Patel. On March 25, 2005, the Department of Homeland Security, Office of Detention and Removal Operations ("DRO") forwarded to the Consulate General of India a formal request for a travel document for Patel.

On April 12, 2005, Patel filed a motion to reopen deportation proceedings in the Immigration Court in Harlingen, Texas. On June 8, 2005, the Immigration Judge denied the motion to reopen because Patel received proper notice of the deportation

proceedings and because Patel failed to show that his failure to appear at the deportation proceedings was due to exceptional circumstance as required by the INA.

On June 17, 2005, Patel filed a Notice of Appeal with the Board of Immigration Appeals, appealing the Immigration Judge's decision. On September 19, 2005, the Board of Immigration Appeals affirmed and adopted the Immigration Judge's decision and dismissed the appeal.

On October 17, 2005, Patel filed a Petition for Review in the United States Court of Appeals for the Fifth Circuit, Case No. 05-60945, which is currently pending. On October 13, 2005, Patel filed a Petition for Review in the United States Court of Appeals for the Eighth Circuit, which was dismissed on December 16, 2005 for lack of jurisdiction. Patel is currently detained in the Mississippi County Jail in Mississippi County, Missouri.

On December 1, 2005, Patel filed the instant Petition for Writ of Habeas Corpus. In his Petition, Patel argues that he is being detained in violation of the laws of the United States because the 1996 order of deportation is no longer valid. Patel argues that the March 26, 2003, grant of permanent lawful residence effectively terminated the order of deportation and that he cannot be detained unless the Attorney General rescinds his status as lawful permanent resident.

The Government argues that the order of deportation is valid and that Patel was not eligible to adjust his status in 2003 because he had been subject to an order of deportation since 1996.

## II. ANALYSIS

### A. *Patel has Failed to Show that the 2003 Adjustment in Status Terminated the 1996 Order of Deportation*

In order for Patel to lawfully receive an adjustment of status pursuant to 8 U.S.C. § 1255, he was required to be "eligible to receive an immigrant visa and admissible to the United States for permanent residence." 8 U.S.C. § 1255(a)(2).

However, "[a]ny alien who . . . has been ordered removed under . . . section 1229a [governing removal proceedings by immigration judges] . . . and who enters or attempts to reenter the United States without being admitted is [ineligible to receive an immigrant visa and is ineligible to be admitted to the United States]." 8 U.S.C. § 1182(a)(9)(C).

When New York INS granted Patel's adjustment of status pursuant to § 1255, it was unaware that Patel had been ordered removed from the United States pursuant to § 1229a. Patel did not inform New York INS that he had been ordered deported. And the FBI gave INS an incorrect A-File number, which led to INS's failure to receive notice of the 1996 order of deportation.

Patel's argument that the 2003 adjustment of status terminated the 1996 order of deportation is unsupported by statute or case law. Patel has failed to show that he was eligible under the INA to receive an adjustment of status in 2003. As a result, Patel has failed to show that the 2003 adjustment in status terminated the 1996 order of deportation.

### B. *This Court's Jurisdiction Over the Order of Deportation is Limited by the REAL I D Act*

On May 11, 2005, Congress passed the REAL ID Act of 2005, 109 P.L. 13, 8 U.S.C. §1252. Sec. 106(c) of the REAL ID Act states:

> Transfer of Cases.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

The parties agree that I have habeas jurisdiction over Patel's detention. However, the REAL ID Act has divested this Court of jurisdiction over any challenge to the order of removal entered on January 8, 1996.

Patel argues that the 1996 order of deportation is invalid because he did not receive proper notice of the hearing. Patel argues that because the 1996 order of

Patel's argument that the 2003 adjustment of status terminated the 1996 order of deportation is unsupported by statute or case law. Patel has failed to show that he was eligible under the INA to receive an adjustment of status in 2003. As a result, Patel has failed to show that the 2003 adjustment in status terminated the 1996 order of deportation.

### B. *This Court's Jurisdiction Over the Order of Deportation is Limited by the REAL I D Act*

On May 11, 2005, Congress passed the REAL ID Act of 2005, 109 P.L. 13, 8 U.S.C. §1252. Sec. 106(c) of the REAL ID Act states:

> Transfer of Cases.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

The parties agree that I have habeas jurisdiction over Patel's detention. However, the REAL ID Act has divested this Court of jurisdiction over any challenge to the order of removal entered on January 8, 1996.

Patel argues that the 1996 order of deportation is invalid because he did not receive proper notice of the hearing. Patel argues that because the 1996 order of

Patel's argument that the 2003 adjustment of status terminated the 1996 order of deportation is unsupported by statute or case law. Patel has failed to show that he was eligible under the INA to receive an adjustment of status in 2003. As a result, Patel has failed to show that the 2003 adjustment in status terminated the 1996 order of deportation.

### B. *This Court's Jurisdiction Over the Order of Deportation is Limited by the REAL I D Act*

On May 11, 2005, Congress passed the REAL ID Act of 2005, 109 P.L. 13, 8 U.S.C. §1252. Sec. 106(c) of the REAL ID Act states:

> Transfer of Cases.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

The parties agree that I have habeas jurisdiction over Patel's detention. However, the REAL ID Act has divested this Court of jurisdiction over any challenge to the order of removal entered on January 8, 1996.

Patel argues that the 1996 order of deportation is invalid because he did not receive proper notice of the hearing. Patel argues that because the 1996 order of

Patel's argument that the 2003 adjustment of status terminated the 1996 order of deportation is unsupported by statute or case law. Patel has failed to show that he was eligible under the INA to receive an adjustment of status in 2003. As a result, Patel has failed to show that the 2003 adjustment in status terminated the 1996 order of deportation.

### B. *This Court's Jurisdiction Over the Order of Deportation is Limited by the REAL I D Act*

On May 11, 2005, Congress passed the REAL ID Act of 2005, 109 P.L. 13, 8 U.S.C. §1252. Sec. 106(c) of the REAL ID Act states:

> Transfer of Cases.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

The parties agree that I have habeas jurisdiction over Patel's detention. However, the REAL ID Act has divested this Court of jurisdiction over any challenge to the order of removal entered on January 8, 1996.

Patel argues that the 1996 order of deportation is invalid because he did not receive proper notice of the hearing. Patel argues that because the 1996 order of

deportation is invalid, it follows that his detention under that order is invalid.

Because the REAL ID Act has divested me of jurisdiction to hear a challenge to an order of deportation, I do not have the authority to find that the 1996 order of deportation is invalid. As a result, I do not have the authority to find that Patel's detention pursuant to the 1996 order of deportation is unlawful.

I find that Patel will not be deprived of due process to determine the validity of the 1996 order of deportation because that issue is currently pending before the United States Court of Appeals for the Fifth Circuit. Accordingly, there is no reason for me to transfer that portion of this case to the Fifth Circuit because it is already there.

Because I may not enter a finding that the order of deportation is invalid, the only question before me is whether there is a legal basis for Patel's detention.

### C. *Patel has Failed to Show that His Detention is in Violation of the Law*

The Government argues that Patel is being lawfully detained as an inadmissible alien under a lawful deportation order pursuant to 8 U.S.C. § 1231(a)(6). Under that provision, "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be

a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period [of 90 days] . . ." 8 U.S.C. § 1231(a)(6).

According to the record before me, I find that Patel has failed to show that his detention under § 1231(a)(6) is in violation of any law or provision of the Constitution because he has failed to show that he is an admissible alien under § 1182 and because the Attorney General has found, based on his past behavior, that he is unlikely to comply with the order of removal. As a result, Patel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Patel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, for Mandamus, and for Declaratory and Injunctive Relief [#1] is **DENIED**.

Dated this 30th Day of June, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE